IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-91-0120-F |
| ) | CIV-06-0044-F |
| KAMRAN JEAN ROSS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the court is defendant, Kamran Jean Ross' Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 13, 2006.

A review of defendant's previous filings in this case reveals that he has in the past filed another § 2255 motion challenging the same sentence he is currently seeking to challenge in this motion.[1]

The Antiterrorism and Effective Death Penalty Act ("AEDPA") instituted a "gatekeeping" procedure for successive § 2255 motions. Under 28 U.S.C. §§ 2255, 2244(b)(3), as amended by the AEDPA, a defendant must first seek authorization from the court of appeals before filing a successive § 2255 motion in the district court. *See*, United States v. Gallegos, 142 F.3d 1211, 1212 (10th Cir. 1998).

---

[1] *See*, Doc. No. 124 (Case No. CR-91-120-A). The § 2255 motion was denied by the district court on March 18, 1998 (doc. no. 148). Defendant thereafter filed a notice of appeal. On December 16, 1998, the Tenth Circuit denied defendant's request for a certificate of appealability (Case No. 98-6128). Subsequently, Defendant filed motion in the district court for reconsideration under Fed. R. Civ. P. 60(b) (doc. no. 158). The motion was denied on April 16, 1999, for failure to obtain prior authorization from the Tenth Circuit to file the motion (doc. no. 161). Defendant appealed the ruling, and the Tenth Circuit affirmed the district court's order on October 27, 1999 (Case No. 99-6192). Thereafter, defendant filed a petition for a writ of certiorari, which was denied by the Supreme Court on May 1, 2000. Defendant then filed a petition with the Tenth Circuit seeking authorization to file a successive § 2255 motion (Case No. 00-6260). The Tenth Circuit denied defendant's petition on August 3, 2000.

Because the instant § 2255 motion was filed after April 24, 1996, the effective date of the AEDPA, defendant is required to comply with the AEDPA and obtain prior authorization from the court of appeals before filing his successive § 2255 motion in the district court. However, defendant has failed to seek certification from the Tenth Circuit Court of Appeals prior to filing his motion with this court. *See*, 28 U.S.C. §§2255, 2244(b)(3)(A). Consequently, this court lacks subject matter jurisdiction to decide the instant motion. *See*, Gallegos, 142 F.3d at 1212.

When a defendant fails to obtain court of appeals authorization before filing his successive § 2255 motion, the district court should transfer the § 2255 motion to the court of appeals in the interest of justice pursuant to 28 U.S.C. § 1631. *See*, Coleman v. United States, 106 F.3d 339, 340-341 (10th Cir. 1997) (*per curiam*).

Therefore, in the interest of justice and pursuant to 28 U.S.C. §§ 1631, 2244(b)(3)(A) and 2255, the court finds that defendant's § 2255 motion should be transferred to the Tenth Circuit Court of Appeals for preliminary review by that court pursuant to 28 U.S.C. §§ 1631, 2244(b)(3)(A) and 2255.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 13, 2006 (doc. no. 169), is **TRANSFERRED** to the Tenth Circuit Court of Appeals for preliminary review by that court pursuant to 28 U.S.C. §§ 1631, 2244(b)(3)(A) and 2255.

Entered this 25th day of January, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

91-0120p001.wpd